[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on September 9, 1978 in Norwalk, Connecticut. The plaintiff is a lifelong resident of Connecticut, and all statutory stays have expired. There are two children issue of the marriage, one of whom is a minor. He is Justin, born July 24, 1984. The marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is 46 years old and in good health. She is currently employed as a nursery school teacher. The defendant, age 47 has no reported health problems. He is a self-employed builder.
This is a marriage that has had problems. Both parties were required to file voluntary petitions in bankruptcy. They are currently without assets, and the home in which the plaintiff resides with the minor child is under foreclosure, and the plaintiff will shortly be forced to move. Financial problems caused stress between the parties and contributed to the breakdown of the marriage.
The court has carefully considered the statutory criteria set forth in Section 46b-56, 46b-81, 46b-82, 46b-84 and 46b-62 in reaching the decision reflected in the orders that follow.
The following order may enter.
1) The parties shall share joint legal custody of the minor child, Justin. The plaintiff shall have primary physical custody. The defendant shall have liberal and flexible rights of visitation.
2) The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of three hundred and fifty ($350) dollars per week. The payments shall commence on June 5, 2000 and weekly thereafter, in advance, during the defendant's lifetime until the plaintiff's death or CT Page 5709 remarriage, whichever event first occurs. A contingent wage withholding order may enter.
The pendente lite orders shall remain in effect for the month of May, 2000.
The order entered is based on the plaintiff's annual income of $31,000 and the defendant's annual income of $54,000. The child support guidelines provide for a weekly payment of $82 due from the defendant. However, the court has deviated from the guidelines in order to coordinate the total family support obligation of the defendant.
3) The defendant at his sole cost and expense shall maintain health and dental insurance for the minor child. The parties shall share equally all unreimbursed and uninsured medical and dental expenses. Section 46b-84 (e) of the General Statutes shall apply.
4) The defendant shall cooperate in assisting the plaintiff in pursuing her COBRA rights for medical insurance at the plaintiff's expense.
5) The plaintiff shall take the dependency exemption for tax purposes for the minor child from the calendar year 1999 foreword.
6) Each party shall retain the assets shown on his/her financial affidavit.
7) Each party shall be solely responsible for the debts listed in his/her financial affidavit and hold the other harmless from any liability thereon.
8) The defendant is awarded his entire interest in Brushy Ridge Builders, LLC.
9) The defendant shall pay to the plaintiff for counsel fees the sum of seven thousand ($7,000) dollars.
Judgment may enter accordingly.
NOVACK, J.